UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MORRIS USA, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 99-2496 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER #128 – REMAND

On July 15, 2022, the parties filed a joint motion requesting that the Court enter a

consent order to govern the corrective-statements remedy at the point of sale. See Joint Motion

to Enter Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at

Point of Sale ("Joint Motion") [Dkt. No. 6507].[1] On December 2, 2022, after incorporating

revisions based on several questions raised by the Court, the parties filed a revised proposed

consent order to be entered by the Court. See (Proposed) Order # ___ -Remand, Fourth

Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale

("Revised Proposed Consent Order") [Dkt. No. 6520]. The Court has carefully considered the

Joint Motion and the Revised Proposed Consent Order and will enter the Revised Proposed

---

[1]     The parties are the United States and the Public Health Intervenors (collectively, "plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively, "defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively, the "remedies parties"). Defendants and the Remedies Parties are collectively referred to as the "manufacturers."

Consent Order this same day. Accordingly, it is hereby

ORDERED that the parties' Joint Motion to Enter Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale [Dkt. No. 6507] is GRANTED; and it is

FURTHER ORDERED that the Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale [Dkt. No. 6520] shall be ENTERED.

An opinion explaining the Court's reasons for concluding, after notice and hearing, that the Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale [Dkt. No. 6520] should be entered will follow in due course.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12|6|22